**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

   Plaintiff,        MAGISTRATE NO. 04-3183M

  v.           **Order Re: Extending Time to Indict**

HUMBERTO FUENTES-RAMIREZ,


    Defendant.

_____

   HAVING considered Defendant's Motion to Extend Time and good cause having been shown,

   THE COURT makes the following findings:

   1. Counsel for defendant has only recently been appointed;

   2. The defendant earnestly wishes to consider the plea offer extended by the government;

   3. The defendant wishes to investigate possible defenses prior to considering the government's plea offer;

   4. The government's plea offer, if accepted by the defendant and then the court, would likely reduce defendant's exposure to a significant term of imprisonment;

   5. If the defendant does not timely accept the plea offer prior to indictment, the government will withdraw said plea offer and any subsequent plea offer after indictment would likely be less advantageous to the defendant;

6.     Failure to extend time for indictment in this instance would thus operate to bar defendant from reviewing the government's plea offer in a meaningful way prior to indictment; and

7.     The ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy indictment.

**IT IS HEREBY ORDERED** that defendant's Motion to Extend Time for

Indictment requesting an extension of thirty (30) days within which the government may

seek to indict defendant, is hereby granted.

**IT IS FURTHER ORDERED** that pursuant to the Speedy Trial Act, 18 U.S.C.

3161, the Government shall have an extension of thirty (30) days to file a timely

Indictment.  Excludable time shall begin to run on the 31st day after arrest for a period of

thirty (30) days in which the Government may present the case to the grand jury.

DATED this 21st day of July, 2006.


Lawrence O. Anderson
United States Magistrate Judge